IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EVERETT AYTCH,

      Plaintiff,

      v.

NANCY A. BERRYHILL,
Acting Commissioner of Social
Security,

      Defendant.

:

:     Case No. 3:16-cv-143

:     JUDGE WALTER H. RICE

      MAGISTRATE JUDGE
:     SHARON L. OVINGTON

:

DECISION AND ENTRY ADOPTING REPORT AND
RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE
(DOC. #13), AND OVERRULING OBJECTIONS OF DEFENDANT
NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL
SECURITY, TO SAID JUDICIAL FILING (DOC. #14); JUDGMENT TO BE
ENTERED IN FAVOR OF PLAINTIFF EVERETT AYTCH AND AGAINST
THE DEFENDANT COMMISSIONER, REVERSING THE
COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED
AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE
SOCIAL SECURITY ACT, AND REMANDING THE CAPTIONED CAUSE
TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF
42 U.S.C. § 405(g) FOR FURTHER PROCEEDINGS; TERMINATION
ENTRY

Plaintiff Everett Aytch ("Plaintiff") has brought this action pursuant to 42 U.S.C.

§ 405(g) to review a decision of the Defendant Nancy A. Berryhill, Acting Commissioner

of the Social Security Administration ("Commissioner"), denying Plaintiff's application for

Social Security disability benefits. On July 25, 2017, Magistrate Judge Sharon L.

Ovington filed a Report and Recommendations, Doc. #13, recommending that the

Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to

benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 et seq., be vacated, and

remanded to the Commissioner for further proceedings. Based upon reasoning and citations of authority set forth below, as well as upon a thorough *de novo* review of this Court's file, including the Administrative Transcript, Doc. #6; Doc. #7, and a thorough review of the applicable law, this Court ADOPTS the Report and Recommendations, Doc. #13, and OVERRULES the Commissioner's Objections, Doc. #14, to said judicial filing. The Court, in so doing, orders the entry of judgment in favor of Plaintiff and against the Commissioner, reversing the decision of the Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act, as not supported by substantial evidence, and remanding the matter to the Commissioner under the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent with the Report and Recommendations and this Entry.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a *de novo* review of those recommendations of the report to which objection is made. This *de novo* review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings "are supported by substantial evidence." *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

2

*Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed.2d 126 (1938)). "Substantial evidence means more than a mere scintilla, but only so much as would be required to prevent a directed verdict."[1] *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established. . . . [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986) (quoting *N.L.R.B. v. Columbian Enameling and Stamping Co.*, 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660 (1939)).

In determining "whether there is substantial evidence in the record . . . we review the evidence in the record taken as a whole." *Wilcox v. Sullivan*, 917 F.2d 272, 276-77 (6th Cir. 1980) (citing *Allen. v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)). However, the Court "may not try the case *de novo*[;] nor resolve conflicts in evidence[;] nor decide questions of credibility." *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Rather, if the Commissioner's decision "is supported by substantial evidence, then we must affirm the [Commissioner's] decision[,] even though as triers of fact we might have arrived at a different result." *Elkins v. Sec'y of Health and Human*

---

[1] Now known as a "Judgment as a Matter of Law." Fed. R. Civ. P. 50.

*Servs.*, 658 F.2d 437, 439 (6th Cir. 1981) (citing *Moore v. Califano*, 633 F.3d 727, 729 (6th Cir. 1980)).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1.      Plaintiff's disability claim is before this Court for a second time.  On July 29, 2011, Administrative Law Judge ("ALJ") Robert Iafe issued a finding of non-disability, which the Appeals Council affirmed on March 27, 2013.  Doc. #6-2, PAGEID #34, 47.  As part of that finding, ALJ Iafe discounted the opinion of Antony T. Jacob, M.D., Plaintiff's treating physician.   However, this Court reversed the Commissioner's finding and remanded the captioned cause for further proceedings, concluding that ALJ Iafe "failed to conduct a controlling weight analysis and failed to give good reasons for the weight ultimately accorded Dr. Jacob's opinions.  Accordingly, the ALJ's conclusions in this regard are not supported by substantial evidence." *Aytch v. Comm'r of Soc. Sec.*, 3:13-cv-135, 2014 WL 4080075, at *5 (S.D. Ohio Aug. 19, 2014) (Newman, Mag. J.), *Report and Recommendations adopted*, 2014 WL 4443286 (S.D. Ohio Sept. 8, 2014) (Rice, J.).  Yet, on remand, ALJ Eric Anschuetz reproduced, almost verbatim, ALJ Iafe's evaluation of medical evidence of record that was available to him at the time, including ALJ Iafe's evaluation of Dr. Jacob's opinions.  Doc. #6-2, PAGEID #55-57, Doc. #7-1, PAGEID #1022-25.  Further, ALJ Anschuetz, in discounting Dr. Jacob's opinion, misstated the treating physician rule, stating "that the regulations direct that well supported treating physician opinions that are consistent with other substantial

evidence of record must receive controlling weight." Doc. #7-1, PAGEID #1025

(citations omitted). As the Magistrate Judge correctly noted, such a standard places too

great a burden at step one of the treating physician analysis; rather, the treating source

opinion "need only be 'not inconsistent' with other substantial evidence of record." Doc.

#13, PAGEID #1657 (citing 20 C.F.R. §§ 404.1527(c)(2); 416.927(c)(2); Soc. Sec. R.

96-2p, 1996 WL 374188 (Jul. 2, 1996)). Indeed, Soc. Sec. R. 96-2p states that a

treating source opinion, so long as it is well-supported, "need not be supported directly

by all of the other evidence (*i.e.*, it <u>does not</u> have to be consistent with all the other

evidence), as long as there is no other substantial evidence in the case record that

contradicts or conflicts with the opinion." 1996 WL 374188, at *3 (emphasis added).

Further, and contrary to Plaintiff's Objections, Doc. #14, PAGEID #1665, ALJ

Anschuetz's misapplication of the treating physician rule was not harmless. As the

Magistrate Judge noted, the ALJ's statement that "Dr. Jacob's opinions . . . are

contradicted by other opinions of record[,]" Doc. #7-1, PAGEID #1025, is a barebones

conclusion bereft of "any further explanation or any indication of which opinion he is

referring to." Doc. #13, PAGEID #1658. Moreover, ALJ Anschuetz's reliance on

Plaintiff's work after the disability onset date to reduce the weight given to Dr. Jacob's

opinions was misplaced. Plaintiff worked part-time as a waiter for four months after

surgery, and was fired from the job because he could not handle the physical demands

of the job. Doc. #13, PAGEID #1658-59 (citing Doc. #6-8, PAGEID #971-73; Doc. #7-1,

PAGEID #1025, 1085, 1089, 1091). Plaintiff's brief work history after Dr. Jacob's

opinions were rendered supports, rather than undermines, Dr. Jacob's conclusions.

Absent a more detailed analysis of how Dr. Jacob's opinions were inconsistent with

other evidence of record, ALJ Anschuetz's decision to assign less than controlling weight violated the Commissioner's regulations. 20 C.F.R. § 404.1527(c) (only after properly deciding whether a treating source opinion is entitled to controlling weight may the ALJ decide to assign lesser weight to that opinion vis-à-vis the opinions of other, non-treating sources). Accordingly, his decision to assign moderate weight to Dr. Jacob's opinion was not supported by substantial evidence and is grounds for reversal. *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir.2004).

2.      Although ALJ Anschutz did not properly weigh Dr. Jacob's opinion, he did discuss other medical evidence of record—including, but not limited to, the opinions of Amita Oza, M.D., and William Smith, M.D., the Commissioner's examining physicians— that showed largely normal physical functioning. Doc. #7-1, PAGEID #1022 (citations omitted). Proof of Plaintiff's disability is not overwhelming; nor is the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). Thus, remand for further proceedings, rather than an immediate award of benefits, is appropriate.

WHEREFORE, based upon the aforesaid, this Court adopts in full the Report and Recommendations of the United States Magistrate Judge, Doc. #13, and overrules the Commissioner's objections to said judicial filing. Doc. #14. Judgment shall enter in favor of Plaintiff and against the Defendant Commissioner, reversing the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to

benefits under the Act, and remanding the captioned cause to the Defendant Commissioner, pursuant to the fourth sentence of 42 U.S.C. § 405(g), for further proceedings consistent with the Report and Recommendations and this Entry.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: September 13, 2017

WALTER H. RICE
UNITED STATES DISTRICT JUDGE